Case 6:25-mj-08069-BER   Document 1   Entered on FLSD Docket 11/10/25   Page 1 of 16
Case 9:25-mj-08669-BER   Document 1   Filed 11/07/25   Page 57 of 16
Page 1 of 14

SDFL/WPB CASE NO.  25-mj-8669-BER

IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 6:25- 1232 |
| v. | 18 U.S.C. § 1349 |
| | 18 U.S.C. § 1347 |
| **MARK WEINBERGER** | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 981(a)(1)(C) |
| | 18 U.S.C. § 982(a)(7) |
| | 28 U.S.C. § 2461(c) |
| | **INDICTMENT** |

THE GRAND JURY CHARGES:

<u>Introduction</u>

FILED BY _____ TM _____ D.C.

Nov 6, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

At all times material to this Indictment:

<u>The Defendant and Relevant Individuals and Entities</u>

1.    **MARK WEINBERGER** was a resident of the Southern District of Florida.

2.    Cypress Health Solutions LLC ("Cypress") was a durable medical equipment ("DME") company enrolled in the Medicare Program ("Medicare") that was located in Fort Pierce, Florida.

3.    Jeffrey Brooks was a resident of the Western District of New York and a beneficial owner and operator of multiple DME companies, including Cypress, and several call center entities.

4.    From in or around July 2019 through in or around December 2020, **MARK WEINBERGER** and Jeffrey Brooks were the beneficial owners and operators of Cypress; however, another individual, Individual 1, who is known to the grand jury, appeared on Medicare

1

and other paperwork as the sole owner and managing employee of Cypress.

5.    From in or around May 2020 through in or around December 2020, Jeffrey Brooks

was an operator and beneficial owner of Remote Solutions LLC ("Remote Solutions"), a company

doing business in Greenville, South Carolina, that operated a call center.

6.    Remote Solutions had a Bank of America bank account ending in x4113 that was

opened in South Carolina.

7.    Cypress had a SunTrust bank account ending in x8246 that was opened in Florida.

<u>The Medicare Program</u>

8.    Medicare was a federal health care program providing benefits to individuals who

were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare

and Medicaid Services ("CMS"). Individuals who received Medicare benefits were called

"beneficiaries."

9.    Medicare was a "health care benefit program," as defined by Title 18, United States

Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States

Code, Section 1320a-7b(f).

10.   Medicare covered different types of benefits that were separated into different parts.

Medicare Part B covered, among other things, certain DME, prothesis, and orthotic devices.

11.   In order to receive payment for covered items and services furnished to Medicare

beneficiaries, health care providers and suppliers (collectively, "providers"), including DME

companies, were required to submit a Medicare enrollment application, CMS Form 855, in which

the provider certified its compliance with all Medicare-related laws and regulations, including the

Federal Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b(b). Providers

further agreed not to submit claims for payment to Medicare knowing they were false or fraudulent

or with deliberate ignorance or reckless disregard of their truth or falsity. If Medicare approved the application, providers were permitted to submit claims to Medicare for reimbursement for items and services provided to Medicare beneficiaries.

12.     In order to maintain active enrollment status, and as a condition of participation in Medicare, providers, including DME companies, were required to report changes in enrollment information that involved any change of ownership or control interest within 30 days of the change. Providers were also required to certify that they did not employ an individual who had been excluded from participation in Medicare.

13.     A person with an "ownership or control interest" was defined, with respect to an entity, as a person with a direct or indirect ownership interest of five percent or more, or an officer or director of the entity. A "managing employee" was defined as a general manager, business manager, administrator, director, or other individual that exercises operational or managerial control over, or who directly or indirectly conducts, the day-to-day operation of the provider, either under contract or through some other arrangement, whether or not the individual was a W-2 employee of the provider.

14.     For certain types of providers, including DME companies, the application to enroll in Medicare or make changes to enrollment was known as Form CMS-855S. Among other information, Form CMS-855S contained spaces for a provider to identify persons who have five percent or greater direct or indirect ownership interest, all managing employees, all individuals with a partnership interest in the provider, and authorized and delegated officials.

15.     Certain providers, including DME companies, were required to resubmit and recertify the accuracy of their enrollment information every three years. Among the types of information required to be provided were changes in ownership interest and/or managing control,

3

including listing individuals who were five percent or greater direct/indirect owners, authorized or delegated officials, partners, directors/officers, contracted managing employees, and managing employees.

### DMEPOS Claims Submitted under Medicare Part B

16.     DME was reusable medical equipment such as walkers, canes, or hospital beds. Orthotic devices were a type of reusable medical equipment that included knee braces, back braces, shoulder braces, and wrist braces (collectively, "braces").

17.     To receive reimbursement from Medicare for orthotic devices, a DME company was required to submit a claim, either directly or through a billing company. Medicare claims were required to be properly documented in accordance with Medicare rules and regulations. Claim forms required information, including the identity and Medicare number of the Medicare beneficiary, the item provided, and the identity and National Provider Identifier number of the referring physician.

18.     To bill Medicare for orthotic devices, the orthotic devices were required to be reasonable and medically necessary, ordered by a licensed provider, and actually provided to the beneficiary. Medicare would not reimburse providers for claims that were procured through the payment of kickbacks and bribes.

### Exclusion from the Medicare Program

19.     The United States Department of Health and Human Services, Office of the Inspector General ("HHS-OIG") was required to exclude individuals from Medicare, Medicaid, and all Federal health care programs upon the conviction of certain defined health care offenses. Exclusion prohibited the payment by any Federal health care program, including Medicare and Medicaid, for any items or services the excluded person furnished, ordered, or prescribed in any

capacity, and further prohibited the excluded person from employment in any capacity in which the person provided any items or services that were billed to a Federal health care program. Such employment included administrative, clerical, and other activities that did not directly involve patient care or the provision of any health care-related services.

20.     The minimum period of exclusion was five years. Reinstatement was not automatic; rather, an excluded person was required to reapply to the Medicare and Medicaid programs for reinstatement after the period of exclusion.

21.     HHS-OIG maintained an online Exclusion Database that allowed members of the public to search by name to determine if a person had been excluded. Entities were required to screen their employees for their presence on the Exclusion List.

<u>Convictions and Exclusions of **MARK WEINBERGER**</u>

22.     On or about July 20, 2012, **MARK WEINBERGER** was convicted of twenty-two counts of health care fraud, in violation of 18 U.S.C. § 1347, in the Northern District of Indiana.

23.     On or about January 30, 2015, **MARK WEINBERGER** was excluded from Medicare for a minimum of fifteen years.

**COUNT 1**
**(Conspiracy to Commit Health Care Fraud and Wire Fraud)**

24.     Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

25.     From in or around July 2019, and continuing through in or around April 2021, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with Jeffrey Brooks and others, both known and unknown to the

grand jury, to commit offenses against the United States, that is:

a.      to knowingly and willfully devise and execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b.      to knowingly, willfully, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

<u>Purpose of the Conspiracy</u>

26.      It was a purpose of the conspiracy for **MARK WEINBERGER**, Jeffrey Brooks, and others, both known and unknown to the grand jury, to unlawfully enrich themselves by, among other things: (a) offering, paying, soliciting, and receiving kickbacks and bribes in exchange for the referral of beneficiaries and signed doctors' orders for braces and other documentation necessary to submit claims to Medicare (collectively, doctors' orders); (b) paying and causing the payment to purported telemedicine companies in exchange for the ordering and arranging for the ordering of braces for beneficiaries; (c) submitting and causing the submission of false and

6

fraudulent claims to Medicare for braces that were ineligible for Medicare reimbursement and medically unnecessary; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

<u>Manner and Means of the Conspiracy</u>

27.     The manner and means by which **MARK WEINBERGER** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

a.      Beginning in or around July 2019, **MARK WEINBERGER** and Jeffrey Brooks were the beneficial owners of and had managing control of Cypress.

b.      **MARK WEINBERGER** caused Individual 1's name to appear on the Form 855S and other paperwork as the sole owner and managing employee of Cypress.

c.      **MARK WEINBERGER** and others, both known and unknown to the grand jury, submitted and caused to be submitted false and fraudulent enrollment documentation to Medicare that concealed and disguised **MARK WEINBERGER** and Jeffery Brooks' beneficial ownership and managing control of Cypress.

d.      **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, purchased and caused to be purchased Medicare beneficiaries' personally identifiable information ("PII") and purported personal health information ("PHI") from third-party call centers to generate doctors' orders for braces.

e.      **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, at call centers, including Remote

Solutions, contacted and caused to be contacted Medicare beneficiaries, including Medicare beneficiaries located in the District of South Carolina, and induced the Medicare beneficiaries to provide their PII and PHI and to agree to accept braces regardless of medical necessity.

f.    **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, paid and caused to be paid via interstate wire, through Remote Solutions and other entities, a purported telemedicine company illegal kickbacks and bribes to obtain a medical practitioner's signature on the doctors' orders, regardless of medical necessity, including for beneficiaries residing in the District of South Carolina and including through medical professionals licensed in the District of South Carolina.

g.    **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, used and caused to be used the doctors' orders to submit and cause the submission of false and fraudulent claims for braces via interstate wire to Medicare, including claims on behalf of Medicare beneficiaries residing in the District of South Carolina.

h.    From in or around July 2019 through in or around December 2020, **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, submitted and caused to be submitted to Medicare via interstate wire, through Cypress, false and fraudulent claims in the approximate amount of $6.7 million that were procured by the payment of illegal kickbacks and bribes, medically unnecessary, and

8

otherwise ineligible for reimbursement. Medicare paid approximately $3.4

million on those claims.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
### (Health Care Fraud)

28.     Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

29.     From in or around July 2019, and continuing through in or around April 2021, in

the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, in

connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, as a principal, aider and abettor, and/or

coparticipant in jointly undertaken criminal activity, a scheme and artifice to defraud a health care

benefit program affecting commerce, as defined by Title, 18 United States Code, Section 24(b),

that is, Medicare, and to obtain by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control

of, said health care benefit program.

Purpose of the Scheme and Artifice

30.     Paragraph 26 of this Indictment is incorporated herein by reference as a description

of the purpose of the scheme and artifice.

The Scheme and Artifice

31.     Paragraph 27 of this Indictment is incorporated herein by reference as a description

of the scheme and artifice.

<u>Acts in Execution of the Scheme and Artifice</u>

32.    On or about the date set forth below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, as a principal and/or aider and abettor, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that **MARK WEINBERGER** submitted and caused the submission of the following false and fraudulent claim for the items listed below, for the beneficiary listed below, knowing that the claims were false, fictitious, and fraudulent in that the items were medically unnecessary and ineligible for reimbursement:

| Count | Beneficiary | Approx. Claim Submission Date | Code | Items | Last 7 Digits of Claim Number | Approx. Billed Amount | Approx. Paid Amount |
|-------|-------------|-------------------------------|------|-------|-------------------------------|-----------------------|---------------------|
| 2 | C.B. | 11/30/2020 | L1851 & L2397 | Left knee orthosis and suspension sleeve | x1965000 | $1,371.06 | $810.84 |

In violation of Title 18, United States Code, Sections 1347 and 2.

**COUNTS 3 through 5**
**(Wire Fraud)**

33.     Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

The Scheme to Defraud

34.     On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, and others, known and unknown to the grand jury, as a principal, aider and abettor, and/or coparticipant in jointly undertaken criminal activity,, did knowingly, willfully, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343 and 2.

Purpose of the Scheme and Artifice

35.     Paragraph 26 of this Indictment is incorporated herein by reference as a description of the purpose of the scheme.

Manner and Means of the Scheme to Defraud

36.     Paragraph 27 of this Indictment is incorporated herein by reference as a description of the scheme to defraud.

Acts in Execution of the Scheme and Artifice

37.     On or about the dates specified in each count below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, as a principal and/or aider and abettor, for the purpose of executing and attempting to execute the scheme and artifice to defraud

described above, did transmit and cause to be transmitted in interstate commerce, by means of wire communications, the writings, signs, and signals further described below, each transmission constituting a separate count:

| Count | Approx. Date of Wire | Approx. Amount of Wire | Description of Wire |
|-------|---------------------|------------------------|---------------------|
| 3 | 11/6/2020 | $5,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |
| 4 | 11/13/2020 | $15,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |
| 5 | 11/19/2020 | $10,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE**

CONSPIRACY/HEALTH CARE FRAUD/WIRE FRAUD:

Upon conviction for violation of Title 18, United States Code, Sections 1343, 1347, and 1349 as charged in the Indictment, the Defendant, **MARK WEINBERGER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses.

PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

> Cash Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violations of 18 U.S.C. §§ 1343, 1347 and 1349.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

> (a)  cannot be located upon the exercise of due diligence;
> (b)  has been transferred or sold to, or deposited with, a third person;
> (c)  has been placed beyond the jurisdiction of the Court;
> (d)  has been substantially diminished in value; or
> (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title

13

28, United States Code, Section 2461(c).

A ___Irue_____ BILL

REDACTED

_____
FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

_____
By: Amy F. Bower (Fed. ID 11784)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.: 843-727-4381
Fax: 843-727-4443
Email: amy.bower@usdoj.gov

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

_____ with permission
By: Catherine Wagner
Senior Litigation Counsel
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Telephone: (202)794-0097
Email: Catherine.Wagner@usdoj.gov

IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.

**MARK WEINBERGER**

Criminal No: ___6:25cr1232___

**PENALTY SHEET**

## Count 1 – 18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud and Wire Fraud

| | | |
|---|---|---|
| - | Class C Felony | 18 U.S.C. § 3559(a)(3) |
| - | Imprisonment for no more than 10 years | 18 U.S.C. § 1347 |
| | Imprisonment for no more than 20 years | 18 U.S.C § 1343 |
| - | Fine of $250,000.00 | 18 U.S.C. § 3571(b)(3) |
| - | Supervised release for not more than 3 years | 18 U.S.C. § 3583(b)(2) |
| - | Special Assessment of $100.00 | 18 U.S.C. § 3013(a)(2)(A) |

## Counts 2 and 3 – 18 U.S.C. § 1347 – Health Care Fraud

| | | |
|---|---|---|
| - | Class C Felony | 18 U.S.C. § 3559(a)(3) |
| - | Imprisonment for no more than 10 years and/or fine | 18 U.S.C § 1347 |
| - | Fine of $250,000.00 | 18 U.S.C. § 3571(b)(3) |
| - | Supervised release for not more than 3 years | 18 U.S.C. § 3583(b)(2) |
| - | Special Assessment of $100.00 | 18 U.S.C. § 3013(a)(2)(A) |

**<u>Counts 4 through 6 – 18 U.S.C. § 1343 – Wire Fraud</u>**

| | | |
|---|---|---|
| - | Class C Felony | 18 U.S.C. § 3559(a)(3) |
| - | Imprisonment for no more than 20 years and/or fine | 18 U.S.C § 1343 |
| - | Fine of $250,000.00 | 18 U.S.C. § 3571(b)(3) |
| - | Supervised release for not more than 3 years | 18 U.S.C. § 3583(b)(2) |
| - | Special Assessment of $100.00 | 18 U.S.C. § 3013(a)(2)(A) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _25 mj 8669 BER_

UNITED STATES OF AMERICA,
Plaintiff,

v.

_Mark Weinberger_

Defendant.
_____/

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW _Lawrence Hashish_ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _Lawrence Hashish_

Counsel's Signature: _____

Address (include City/State/Zip Code):

_1700 E. Las Olas Blvd #307_
_Fort Lauderdale, FL   33301_

Telephone: _773 610 1777_       Florida Bar Number: _053966_

Date: _11-6-25_

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: 25-mj-8669-BER

FILED BY _____ **TM** _____ D.C.

**Nov 6, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

UNITED STATES OF AMERICA:

           Plaintiff,

v.                                     USM #:___10609-027_____

           Defendant,

MARK WEINBERGER_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 150,000 PSB_____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel.  The Southern District of Florida consists of the following counties:  Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Mark Weinberger _____
CASE NUMBER: 25-mj-8669-BER
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X  a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; **COB 11/7 - 5 PM**

X  b. Report to Pretrial Services as follows: (X) as directed or__ time(s) a week in person and__ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

X  f. Employment restriction(s): **May not be employed in the Health Care Industry**_____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

x  i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel.  The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

x  j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

x  k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

x  m. May not visit commercial transportation establishment: **airports, seaport/marinas**;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

**DEFENDANT:** Mark Weinberger
**CASE NUMBER:** 25-mj-8669-BER
**PAGE THREE**

<u>x</u> o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component **(check one):**

   <u>x</u> (1) **Curfew**. You are restricted to your residence every day (x__) from **8pm** to **6am**, or (_) as directed by the supervising officer; or

   _ (2) **Home Detention**. You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

   _ (3) **Home Incarceration**. You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

   _ (4) **Stand-Alone Monitoring**. You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology **(check one):**

   <u>x</u> (1) Location monitoring technology as directed by the supervising officer; or

   __ (2) GPS; or

   __ (3) Radio Frequency; or

   __ (4) Voice Recognition; or

   _ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (_) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

   (x) employment

   (x) education

   (x) religious services

   (x) medical, substance abuse, or mental health treatment

   (x) attorney visits

   (x) court appearances

   (x) court ordered obligations

   (x) reporting to Pretrial Services

   (  ) other _____

__ q. Third-Party Custody: _____will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

1.  (   )  Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2.  (   )  The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3.  (   )  Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4.  (   )  Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5.  (   )  Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6.  (   )  Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7.  (   )  The defendant shall not be involved in any children's or youth organizations.
8.  (   )  Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9.  (   )  The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

_ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

_x_ v. Comply with the following additional conditions of bond: May not spend $5000 on anything. May spend what is necessary to hire counsel. May not use marijuana.

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT:** Mark Weinberger _____
**CASE NUMBER:** **25-mj-8669-BER**
**PAGE SIX**

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this  6th  ____ day of November, 2025 at West Palm Beach, Florida

Signed and acknowledged before me:

**DEFENDANT: (Signature)** _____

WITNESS: _____     W Plm Beach     _____

_____     _____              City                              State
  City              State

### CORPORATE SURETY

Signed this_____ day of _____, 20____ at _____, Florida

SURETY:_____          **AGENT: (Signature)** _____

_____      _____          **PRINT NAME:** _____
  City              State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20___ at _____, Florida   Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____      _____          _____      _____
  City              State              City              State

Signed this ___ day of _____, 20___ at _____, Florida   Signed this ___ day of _____, 20___ at _____, Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____      _____          _____      _____
  City              State              City

### APPROVAL BY THE COURT

**Date:**   11/6/2025   _____          _____

BRUCE E. REINHART,
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 25-mj-8669-BER

United States of America
    Plaintiff,
  v.

                      Charging District's Case No. 6:25-1232

MARK WEINBERGER,
    Defendant.
_____/

### <u>WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS</u>

I understand that I have been charged in another district, the **(District of South Carolina - Greenville)**.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise C unless I am indicted C to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/6/2025

_____
Defendant's Signature

_____
Bruce E. Reinhart
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 25-mj-8669-BER

United States of America
    Plaintiff,

v.

MARK WEINBERGER,
    Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **DISTRICT OF SOUTH CAROLINA - GREENVILLE** , an Indictment was filed against the above-named defendant on a charge of **Title 18, United States Code, Sections 1349, 1347, 1343, 2, 981(a)(1)(C), 982(a)(7), Title 28, United States Code, Sections 2461(c),** and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Bruce E. Reinhart at West Palm Beach, Florida, which officially committed the defendant for removal to the **DISTRICT OF SOUTH CAROLINA - GREENVILLE**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Bruce E. Reinhart for removal and posted bail in the amount of which was approved by the United States Magistrate Judge Bruce E. Reinhart, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at West Palm Beach, Florida on 11/6/2025.

_____
Bruce E. Reinhart
United States Magistrate Judge

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:25–mj–08669–BER–1

Case title: USA v. Weinberger

Date Filed: 11/06/2025

Other court case number: 6:25–1232 District of South Carolina – Greenville

Date Terminated: 11/06/2025

---

Assigned to: Magistrate Judge
Bruce E. Reinhart

**Defendant (1)**

**Mark Weinberger**
10609–027
*ENGLISH; YOB:1963*
*TERMINATED: 11/06/2025*

represented by **Lawrence A. Hashish**
307
1700 East Las Olas Blvd.
Fort Lauderdale, FL 33301
954–703–2112
Fax: 954–900–5730
Email: hashish320@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Temporary*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| REMOVAL TO THE DISTRICT OF CAROLINA – GREENVILLE (18 U.S.C. § 1349 – Conspiracy to Commit Health | |

Care Fraud and Wire Fraud/18
U.S.C. § 1347 – Health Care
Fraud/18 U.S.C. § 1343 – Wire
Fraud

---

**Plaintiff**

**USA**                                    represented by   **Reginald Cuyler , Jr.**
                                                            DOJ–Crm
                                                            Fraud Section, Criminal Division
                                                            1400 New York Avenue NW
                                                            Washington, DC 20005
                                                            202–748–3024
                                                            Email: reginald.cuyler.jr@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/06/2025 | 9 | ORDER OF REMOVAL ISSUED to the District of South Carolina – Greenville as to Mark Weinberger Closing Case for Defendant. Signed by Magistrate Judge Bruce E. Reinhart on 11/6/2025. *See attached document for full details.* (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 8 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Mark Weinberger (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 7 | $150,000 PSB PSB Bond Entered as to Mark Weinberger Approved by Magistrate Judge Bruce E. Reinhart. *Please see bond image for conditions of release.* (tmn) (Additional attachment(s) added on 11/7/2025: # 1 Restricted Bond with 7th Page) (tmn). (Entered: 11/07/2025) |
| 11/06/2025 | 6 | PAPERLESS Minute Order for proceedings held before Magistrate Judge Bruce E. Reinhart: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Mark Weinberger held on 11/6/2025. Date of Arrest or Surrender: 11/6/2025. Defendant was present with counsel. Defendant sworn. Defense counsel filed a temporary appearance. Defendant was advised of the charges, rights and possible maximum penalties. The Court granted 4 Motion for Bond. Bond recommendation/set: Mark Weinberger (1) $150,000 PSB as to Mark Weinberger (1). Defendant waived removal/identity hearing. All further proceedings to be held in the District of Carolina. The Court ordered the defendant removed. Total time in court: 21 minutes. Attorney Appearance(s): DOJ Reginald Cuyler, Jr, TEMP Lawrence A. Hashish (Digital 10:11:44) Signed by Magistrate Judge Bruce E. Reinhart (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 5 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Lawrence A. Hashish appearing for Mark Weinberger (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 4 | **ORE TENUS** MOTION for Bond as to Mark Weinberger. (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 3 | PAPERLESS ORDER granting 2 Motion for Hearing as to Mark Weinberger (1). Initial Appearance – Rule 5(c)(3)/40 set for 11/6/2025 10:00 AM in West Palm Beach Division before WPB Duty Magistrate Judge. Signed by Magistrate Judge Bruce E. |

| | | Reinhart on 11/6/2025. (tmn) (Entered: 11/07/2025) |
|---|---|---|
| 11/06/2025 | 2 | MOTION for Hearing by USA as to Mark Weinberger. (tmn) (Entered: 11/07/2025) |
| 11/06/2025 | 1 | Magistrate Judge Removal of Indictment from the District of South Carolina – Greenville Case number in the other District 6:25cr1232 as to Mark Weinberger (1). (tmn) (Entered: 11/07/2025) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 25-mj-8669-BER

United States of America
        Plaintiff,

    v.

MARK WEINBERGER,
        Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **DISTRICT OF SOUTH CAROLINA - GREENVILLE** , an Indictment was filed against the above-named defendant on a charge of **Title 18, United States Code, Sections 1349, 1347, 1343, 2, 981(a)(1)(C), 982(a)(7), Title 28, United States Code, Sections 2461(c),** and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Bruce E. Reinhart at West Palm Beach, Florida, which officially committed the defendant for removal to the **DISTRICT OF SOUTH CAROLINA - GREENVILLE**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Bruce E. Reinhart for removal and posted bail in the amount of which was approved by the United States Magistrate Judge Bruce E. Reinhart, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at West Palm Beach, Florida on 11/6/2025.

_____
Bruce E. Reinhart
United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 25-mj-8669-BER

United States of America
    Plaintiff,
  v.

                       Charging District's Case No. 6:25-1232

MARK WEINBERGER,
    Defendant.
_____/

### WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

    I understand that I have been charged in another district, the **(District of South Carolina - Greenville)**.

    I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise C unless I am indicted C to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☐ A detention hearing in the Southern District of Florida.

☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

                                              _____
                                            Defendant's Signature

Date: 11/6/2025

                                          _____
                                          Bruce E. Reinhart
                                          UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: 25-mj-8669-BER

UNITED STATES OF AMERICA:

                    Plaintiff,

v.                                             USM #:___10609-027_____

                    Defendant,

MARK WEINBERGER_____/

FILED BY____TM____D.C.

Nov 6, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 150,000 PSB_____

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

6

**DEFENDANT: Mark Weinberger** _____
**CASE NUMBER: 25-mj-8669-BER**
**PAGE TWO**

## <u>SPECIAL CONDITIONS OF BOND</u>

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X_ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; **COB 11/7 - 5 PM**

X_ b. Report to Pretrial Services as follows: (X) as directed or__ time(s) a week in person and__ time(s) a week by telephone;

_ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

_ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

_ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

X_ f. Employment restriction(s): **May not be employed in the Health Care Industry**_____

_ g. Maintain or actively seek full-time employment;

_ h. Maintain or begin an educational program;

x_ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

x_ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

x_ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

_ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

x_ m. May not visit commercial transportation establishment: **airports, seaport/marinas**;

_ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

**DEFENDANT: Mark Weinberger** _____
**CASE NUMBER: 25-mj-8669-BER**
**PAGE THREE**

<u>x</u>  o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component **(check one):**

<u>x</u>  (1) **Curfew**. You are restricted to your residence every day (x_) from **8pm** to **6am**, or (_) as directed by the supervising officer; or

_ (2) **Home Detention**. You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

_ (3) **Home Incarceration**. You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

_ (4) **Stand-Alone Monitoring**. You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology **(check one)**:

 <u>x</u>  (1) Location monitoring technology as directed by the supervising officer; or

__ (2) GPS; or

__ (3) Radio Frequency; or

__ (4) Voice Recognition; or

_ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (_) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

(x) employment

 (x) education

(x) religious services

(x) medical, substance abuse, or mental health treatment

(x) attorney visits

(x) court appearances

(x) court ordered obligations

(x) reporting to Pretrial Services

(   ) other _____

__ q. Third-Party Custody: _____will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

_ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

_x_ v. Comply with the following additional conditions of bond: May not spend $5000 on anything. May spend what is necessary to hire counsel. May not use marijuana.

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT:** Mark Weinberger _____
**CASE NUMBER: 25-mj-8669-BER**
**PAGE SIX**

### PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

#### DEFENDANT

Signed this   6ᵗʰ  ____ day of November, 2025 at West Palm Beach, Florida

Signed and acknowledged before me:                    **DEFENDANT: (Signature)** _____

WITNESS: _____          W Plm Beach _____

_____  _____                                   City                          State
City                    State

#### CORPORATE SURETY

Signed this _____ day of _____ , 20 ____ at _____ , Florida

SURETY: _____                                    **AGENT: (Signature)** _____

_____  _____          **PRINT NAME:** _____
City                    State

#### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20___ at _____ , Florida   Signed this ___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____                    _____  _____
City                    State                          City                    State

Signed this ___ day of _____ , 20___ at _____ , Florida   Signed this ___ day of _____ , 20___ at _____ , Florida

SURETY: (Signature) _____          SURETY: (Signature) _____

PRINT NAME: _____          PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____          RELATIONSHIP TO DEFENDANT: _____

_____  _____                    _____
City                    State                          City

### APPROVAL BY THE COURT

**Date:** ____11/6/2025____  _____

BRUCE E. REINHART,
**UNITED STATES MAGISTRATE JUDGE**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Reginald Cuyler, Jr (fra.hcf.ecf@usdoj.gov, mitchell.hyder@usdoj.gov,
nicolas.montero@usdoj.gov, reginald.cuyler.jr@usdoj.gov, sabrina.zelaya@usdoj.gov),
Lawrence A. Hashish (hashish320@hotmail.com), Magistrate Judge Bruce E. Reinhart
(ber-nef@flsd.uscourts.gov)
--Non Case Participants: Federal Public Defender (fls_ecf@fd.org), Financial Clerk
(flsd_financial@flsd.uscourts.gov), United States Pretrial, Probation and PSIunit Office
(DQA) (flsp_dqa@flsp.uscourts.gov, mia_dqa@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:26058235@flsd.uscourts.gov
Subject:Activity in Case 9:25-mj-08669-BER USA v. Weinberger Order on Motion for Bond
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 11/7/2025 at 1:11 PM EST and filed on 11/6/2025

| | |
|---|---|
| **Case Name:** | USA v. Weinberger |
| **Case Number:** | 9:25–mj–08669–BER |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
 **PAPERLESS Minute Order for proceedings held before Magistrate Judge Bruce E. Reinhart: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Mark Weinberger held on 11/6/2025. Date of Arrest or Surrender: 11/6/2025. Defendant was present with counsel. Defendant sworn. Defense counsel filed a temporary appearance. Defendant was advised of the charges, rights and possible maximum penalties. The Court granted [4] Motion for Bond. Bond recommendation/set: Mark Weinberger (1) $150,000 PSB as to Mark Weinberger (1). Defendant waived removal/identity hearing. All further proceedings to be held in the District of Carolina. The Court ordered the defendant removed. Total time in court: 21 minutes. Attorney Appearance(s): DOJ Reginald Cuyler, Jr, TEMP Lawrence A. Hashish (Digital 10:11:44) Signed by Magistrate Judge Bruce E. Reinhart (tmn)**


**9:25–mj–08669–BER–1 Notice has been electronically mailed to:**

Lawrence A. Hashish &nbsp &nbsp hashish320@hotmail.com

Reginald Cuyler , Jr &nbsp &nbsp reginald.cuyler.jr@usdoj.gov, fra.hcf.ecf@usdoj.gov,
Mitchell.Hyder@usdoj.gov, Nicolas.Montero@usdoj.gov, sabrina.zelaya@usdoj.gov

**9:25–mj–08669–BER–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _25 mj 8669 BER_

UNITED STATES OF AMERICA,
        Plaintiff,

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

v.

_Mark Weinberger_

        Defendant.
_____/

COMES NOW _Lawrence Hashish_ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _Lawrence Hashish_

Counsel's Signature: _____

Address (include City/State/Zip Code):
_1700 E. Las Olas Blvd #307_
_Fort Lauderdale, FL 33301_

Telephone: _773 610 1777_    Florida Bar Number: _053966_

Date: _11-6-25_

13

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Reginald Cuyler, Jr (fra.hcf.ecf@usdoj.gov, mitchell.hyder@usdoj.gov,
nicolas.montero@usdoj.gov, reginald.cuyler.jr@usdoj.gov, sabrina.zelaya@usdoj.gov),
Magistrate Judge Bruce E. Reinhart (ber-nef@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (DQA)
(flsp_dqa@flsp.uscourts.gov, mia_dqa@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:26058193@flsd.uscourts.gov
Subject:Activity in Case 9:25-mj-08669-BER USA v. Weinberger Motion for Bond
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 11/7/2025 at 12:58 PM EST and filed on 11/6/2025

| | |
|---|---|
| **Case Name:** | USA v. Weinberger |
| **Case Number:** | 9:25–mj–08669–BER |
| **Filer:** | Dft No. 1 – Mark Weinberger |
| **Document Number:** | 4(No document attached) |

**Docket Text:**
 **ORE TENUS MOTION for Bond as to Mark Weinberger. (tmn)**

**9:25–mj–08669–BER–1 Notice has been electronically mailed to:**

Reginald Cuyler , Jr &nbsp &nbsp reginald.cuyler.jr@usdoj.gov, fra.hcf.ecf@usdoj.gov,
Mitchell.Hyder@usdoj.gov, Nicolas.Montero@usdoj.gov, sabrina.zelaya@usdoj.gov

**9:25–mj–08669–BER–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Reginald Cuyler, Jr (fra.hcf.ecf@usdoj.gov, mitchell.hyder@usdoj.gov,
nicolas.montero@usdoj.gov, reginald.cuyler.jr@usdoj.gov, sabrina.zelaya@usdoj.gov),
Magistrate Judge Bruce E. Reinhart (ber-nef@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:26058180@flsd.uscourts.gov
Subject:Activity in Case 9:25-mj-08669-BER USA v. Weinberger Order on Motion for Hearing
Content–Type: text/html
```

### U.S. District Court

### Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 11/7/2025 at 12:56 PM EST and filed on 11/6/2025

| | |
|---|---|
| **Case Name:** | USA v. Weinberger |
| **Case Number:** | 9:25–mj–08669–BER |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
 **PAPERLESS ORDER granting [2] Motion for Hearing as to Mark Weinberger (1). Initial Appearance – Rule 5(c)(3)/40 set for 11/6/2025 10:00 AM in West Palm Beach Division before WPB Duty Magistrate Judge. Signed by Magistrate Judge Bruce E. Reinhart on 11/6/2025. (tmn)**


**9:25–mj–08669–BER–1 Notice has been electronically mailed to:**

Reginald Cuyler , Jr &nbsp &nbsp reginald.cuyler.jr@usdoj.gov, fra.hcf.ecf@usdoj.gov,
Mitchell.Hyder@usdoj.gov, Nicolas.Montero@usdoj.gov, sabrina.zelaya@usdoj.gov

**9:25–mj–08669–BER–1 Notice has not been delivered electronically to those listed below and will be
provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Reginald Cuyler, Jr (fra.hcf.ecf@usdoj.gov, mitchell.hyder@usdoj.gov,
nicolas.montero@usdoj.gov, reginald.cuyler.jr@usdoj.gov, sabrina.zelaya@usdoj.gov),
Magistrate Judge Bruce E. Reinhart (ber-nef@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:26058167@flsd.uscourts.gov
Subject:Activity in Case 9:25-mj-08669-BER USA v. Weinberger Motion for Hearing
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 11/7/2025 at 12:54 PM EST and filed on 11/6/2025

| | |
|---|---|
| **Case Name:** | USA v. Weinberger |
| **Case Number:** | 9:25–mj–08669–BER |
| **Filer:** | USA |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
 **MOTION for Hearing by USA as to Mark Weinberger. (tmn)**

**9:25–mj–08669–BER–1 Notice has been electronically mailed to:**

Reginald Cuyler , Jr &nbsp &nbsp reginald.cuyler.jr@usdoj.gov, fra.hcf.ecf@usdoj.gov,
Mitchell.Hyder@usdoj.gov, Nicolas.Montero@usdoj.gov, sabrina.zelaya@usdoj.gov

**9:25–mj–08669–BER–1 Notice has not been delivered electronically to those listed below and will be
provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

16

SDFL/WPB CASE NO. 25-mj-8669-BER

IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: $6:25 - 1232$ |
| v. | 18 U.S.C. § 1349 |
| **MARK WEINBERGER** | 18 U.S.C. § 1347 |
| | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 981(a)(1)(C) |
| | 18 U.S.C. § 982(a)(7) |
| | 28 U.S.C. § 2461(c) |
| | **INDICTMENT** |

THE GRAND JURY CHARGES:

<u>Introduction</u>

FILED BY _____ **TM** _____ D.C.

**Nov 6, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

At all times material to this Indictment:

<u>The Defendant and Relevant Individuals and Entities</u>

1.     **MARK WEINBERGER** was a resident of the Southern District of Florida.

2.     Cypress Health Solutions LLC ("Cypress") was a durable medical equipment ("DME") company enrolled in the Medicare Program ("Medicare") that was located in Fort Pierce, Florida.

3.     Jeffrey Brooks was a resident of the Western District of New York and a beneficial owner and operator of multiple DME companies, including Cypress, and several call center entities.

4.     From in or around July 2019 through in or around December 2020, **MARK WEINBERGER** and Jeffrey Brooks were the beneficial owners and operators of Cypress; however, another individual, Individual 1, who is known to the grand jury, appeared on Medicare

1

and other paperwork as the sole owner and managing employee of Cypress.

5.      From in or around May 2020 through in or around December 2020, Jeffrey Brooks was an operator and beneficial owner of Remote Solutions LLC ("Remote Solutions"), a company doing business in Greenville, South Carolina, that operated a call center.

6.      Remote Solutions had a Bank of America bank account ending in x4113 that was opened in South Carolina.

7.      Cypress had a SunTrust bank account ending in x8246 that was opened in Florida.

<u>The Medicare Program</u>

8.      Medicare was a federal health care program providing benefits to individuals who were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received Medicare benefits were called "beneficiaries."

9.      Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

10.     Medicare covered different types of benefits that were separated into different parts. Medicare Part B covered, among other things, certain DME, prothesis, and orthotic devices.

11.     In order to receive payment for covered items and services furnished to Medicare beneficiaries, health care providers and suppliers (collectively, "providers"), including DME companies, were required to submit a Medicare enrollment application, CMS Form 855, in which the provider certified its compliance with all Medicare-related laws and regulations, including the Federal Anti-Kickback Statute, Title 42, United States Code, Section 1320a-7b(b). Providers further agreed not to submit claims for payment to Medicare knowing they were false or fraudulent

or with deliberate ignorance or reckless disregard of their truth or falsity. If Medicare approved the application, providers were permitted to submit claims to Medicare for reimbursement for items and services provided to Medicare beneficiaries.

12.     In order to maintain active enrollment status, and as a condition of participation in Medicare, providers, including DME companies, were required to report changes in enrollment information that involved any change of ownership or control interest within 30 days of the change. Providers were also required to certify that they did not employ an individual who had been excluded from participation in Medicare.

13.     A person with an "ownership or control interest" was defined, with respect to an entity, as a person with a direct or indirect ownership interest of five percent or more, or an officer or director of the entity. A "managing employee" was defined as a general manager, business manager, administrator, director, or other individual that exercises operational or managerial control over, or who directly or indirectly conducts, the day-to-day operation of the provider, either under contract or through some other arrangement, whether or not the individual was a W-2 employee of the provider.

14.     For certain types of providers, including DME companies, the application to enroll in Medicare or make changes to enrollment was known as Form CMS-855S. Among other information, Form CMS-855S contained spaces for a provider to identify persons who have five percent or greater direct or indirect ownership interest, all managing employees, all individuals with a partnership interest in the provider, and authorized and delegated officials.

15.     Certain providers, including DME companies, were required to resubmit and recertify the accuracy of their enrollment information every three years. Among the types of information required to be provided were changes in ownership interest and/or managing control,

3

including listing individuals who were five percent or greater direct/indirect owners, authorized or delegated officials, partners, directors/officers, contracted managing employees, and managing employees.

### DMEPOS Claims Submitted under Medicare Part B

16.     DME was reusable medical equipment such as walkers, canes, or hospital beds. Orthotic devices were a type of reusable medical equipment that included knee braces, back braces, shoulder braces, and wrist braces (collectively, "braces").

17.     To receive reimbursement from Medicare for orthotic devices, a DME company was required to submit a claim, either directly or through a billing company. Medicare claims were required to be properly documented in accordance with Medicare rules and regulations. Claim forms required information, including the identity and Medicare number of the Medicare beneficiary, the item provided, and the identity and National Provider Identifier number of the referring physician.

18.     To bill Medicare for orthotic devices, the orthotic devices were required to be reasonable and medically necessary, ordered by a licensed provider, and actually provided to the beneficiary. Medicare would not reimburse providers for claims that were procured through the payment of kickbacks and bribes.

### Exclusion from the Medicare Program

19.     The United States Department of Health and Human Services, Office of the Inspector General ("HHS-OIG") was required to exclude individuals from Medicare, Medicaid, and all Federal health care programs upon the conviction of certain defined health care offenses. Exclusion prohibited the payment by any Federal health care program, including Medicare and Medicaid, for any items or services the excluded person furnished, ordered, or prescribed in any

capacity, and further prohibited the excluded person from employment in any capacity in which the person provided any items or services that were billed to a Federal health care program. Such employment included administrative, clerical, and other activities that did not directly involve patient care or the provision of any health care-related services.

20.     The minimum period of exclusion was five years. Reinstatement was not automatic; rather, an excluded person was required to reapply to the Medicare and Medicaid programs for reinstatement after the period of exclusion.

21.     HHS-OIG maintained an online Exclusion Database that allowed members of the public to search by name to determine if a person had been excluded. Entities were required to screen their employees for their presence on the Exclusion List.

<u>Convictions and Exclusions of **MARK WEINBERGER**</u>

22.     On or about July 20, 2012, **MARK WEINBERGER** was convicted of twenty-two counts of health care fraud, in violation of 18 U.S.C. § 1347, in the Northern District of Indiana.

23.     On or about January 30, 2015, **MARK WEINBERGER** was excluded from Medicare for a minimum of fifteen years.

**COUNT 1**
**(Conspiracy to Commit Health Care Fraud and Wire Fraud)**

24.     Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

25.     From in or around July 2019, and continuing through in or around April 2021, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, did knowingly and willfully, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with Jeffrey Brooks and others, both known and unknown to the

5

grand jury, to commit offenses against the United States, that is:

    a.    to knowingly and willfully devise and execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

    b.    to knowingly, willfully, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

<u>Purpose of the Conspiracy</u>

    26.    It was a purpose of the conspiracy for **MARK WEINBERGER**, Jeffrey Brooks, and others, both known and unknown to the grand jury, to unlawfully enrich themselves by, among other things: (a) offering, paying, soliciting, and receiving kickbacks and bribes in exchange for the referral of beneficiaries and signed doctors' orders for braces and other documentation necessary to submit claims to Medicare (collectively, doctors' orders); (b) paying and causing the payment to purported telemedicine companies in exchange for the ordering and arranging for the ordering of braces for beneficiaries; (c) submitting and causing the submission of false and

fraudulent claims to Medicare for braces that were ineligible for Medicare reimbursement and medically unnecessary; and (d) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

<u>Manner and Means of the Conspiracy</u>

27. The manner and means by which **MARK WEINBERGER** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

 a. Beginning in or around July 2019, **MARK WEINBERGER** and Jeffrey Brooks were the beneficial owners of and had managing control of Cypress.

 b. **MARK WEINBERGER** caused Individual 1's name to appear on the Form 855S and other paperwork as the sole owner and managing employee of Cypress.

 c. **MARK WEINBERGER** and others, both known and unknown to the grand jury, submitted and caused to be submitted false and fraudulent enrollment documentation to Medicare that concealed and disguised **MARK WEINBERGER** and Jeffery Brooks' beneficial ownership and managing control of Cypress.

 d. **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, purchased and caused to be purchased Medicare beneficiaries' personally identifiable information ("PII") and purported personal health information ("PHI") from third-party call centers to generate doctors' orders for braces.

 e. **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, at call centers, including Remote

Solutions, contacted and caused to be contacted Medicare beneficiaries, including Medicare beneficiaries located in the District of South Carolina, and induced the Medicare beneficiaries to provide their PII and PHI and to agree to accept braces regardless of medical necessity.

f.   **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, paid and caused to be paid via interstate wire, through Remote Solutions and other entities, a purported telemedicine company illegal kickbacks and bribes to obtain a medical practitioner's signature on the doctors' orders, regardless of medical necessity, including for beneficiaries residing in the District of South Carolina and including through medical professionals licensed in the District of South Carolina.

g.   **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, used and caused to be used the doctors' orders to submit and cause the submission of false and fraudulent claims for braces via interstate wire to Medicare, including claims on behalf of Medicare beneficiaries residing in the District of South Carolina.

h.   From in or around July 2019 through in or around December 2020, **MARK WEINBERGER**, Jeffrey Brooks, and their co-conspirators, both known and unknown to the grand jury, submitted and caused to be submitted to Medicare via interstate wire, through Cypress, false and fraudulent claims in the approximate amount of $6.7 million that were procured by the payment of illegal kickbacks and bribes, medically unnecessary, and

8

24

otherwise ineligible for reimbursement. Medicare paid approximately $3.4 million on those claims.

All in violation of 18 U.S.C. § 1349.

## COUNT 2
### (Health Care Fraud)

28. Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

29. From in or around July 2019, and continuing through in or around April 2021, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, as a principal, aider and abettor, and/or coparticipant in jointly undertaken criminal activity, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title, 18 United States Code, Section 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

Purpose of the Scheme and Artifice

30. Paragraph 26 of this Indictment is incorporated herein by reference as a description of the purpose of the scheme and artifice.

The Scheme and Artifice

31. Paragraph 27 of this Indictment is incorporated herein by reference as a description of the scheme and artifice.

Acts in Execution of the Scheme and Artifice

32.     On or about the date set forth below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, as a principal and/or aider and abettor, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in that **MARK WEINBERGER** submitted and caused the submission of the following false and fraudulent claim for the items listed below, for the beneficiary listed below, knowing that the claims were false, fictitious, and fraudulent in that the items were medically unnecessary and ineligible for reimbursement:

| Count | Beneficiary | Approx. Claim Submission Date | Code | Items | Last 7 Digits of Claim Number | Approx. Billed Amount | Approx. Paid Amount |
|-------|-------------|------------------------------|------|-------|-------------------------------|----------------------|--------------------|
| 2 | C.B. | 11/30/2020 | L1851 & L2397 | Left knee orthosis and suspension sleeve | x1965000 | $1,371.06 | $810.84 |

In violation of Title 18, United States Code, Sections 1347 and 2.

10

**COUNTS 3 through 5**
**(Wire Fraud)**

33.     Paragraphs 1 through 23 of this Indictment are incorporated herein by reference.

The Scheme to Defraud

34.     On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, and others, known and unknown to the grand jury, as a principal, aider and abettor, and/or coparticipant in jointly undertaken criminal activity,, did knowingly, willfully, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343 and 2.

Purpose of the Scheme and Artifice

35.     Paragraph 26 of this Indictment is incorporated herein by reference as a description of the purpose of the scheme.

Manner and Means of the Scheme to Defraud

36.     Paragraph 27 of this Indictment is incorporated herein by reference as a description of the scheme to defraud.

Acts in Execution of the Scheme and Artifice

37.     On or about the dates specified in each count below, in the District of South Carolina and elsewhere, the Defendant, **MARK WEINBERGER**, as a principal and/or aider and abettor, for the purpose of executing and attempting to execute the scheme and artifice to defraud

11

described above, did transmit and cause to be transmitted in interstate commerce, by means of wire communications, the writings, signs, and signals further described below, each transmission constituting a separate count:

| Count | Approx. Date of Wire | Approx. Amount of Wire | Description of Wire |
|:-----:|:--------------------:|:----------------------:|:-------------------|
| 3 | 11/6/2020 | $5,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |
| 4 | 11/13/2020 | $15,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |
| 5 | 11/19/2020 | $10,000 | Electronic transmission from the Cypress account ending in x8246 to the Remote Solutions account ending in x4113 |

In violation of Title 18, United States Code, Sections 1343 and 2.

12

## FORFEITURE

CONSPIRACY/HEALTH CARE FRAUD/WIRE FRAUD:

Upon conviction for violation of Title 18, United States Code, Sections 1343, 1347, and 1349 as charged in the Indictment, the Defendant, **MARK WEINBERGER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offenses.

PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

> Cash Proceeds/Forfeiture Judgment:
>
> A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violations of 18 U.S.C. §§ 1343, 1347 and 1349.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

> (a)  cannot be located upon the exercise of due diligence;
> (b)  has been transferred or sold to, or deposited with, a third person;
> (c)  has been placed beyond the jurisdiction of the Court;
> (d)  has been substantially diminished in value; or
> (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title

13

28, United States Code, Section 2461(c).

A _____True_____ BILL

REDACTED

_____
FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

_____
By: Amy F. Bower (Fed. ID 11784)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.: 843-727-4381
Fax: 843-727-4443
Email: amy.bower@usdoj.gov

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

_____ with permission
By: Catherine Wagner
Senior Litigation Counsel
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC 20005
Telephone: (202)794-0097
Email: Catherine.Wagner@usdoj.gov

14

IN THE DISTRCT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.

**MARK WEINBERGER**

Criminal No: ___6:25cr1232___

**PENALTY SHEET**

**Count 1 – 18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

- Class C Felony         18 U.S.C. § 3559(a)(3)

- Imprisonment for no more than 10 years   18 U.S.C. § 1347
  Imprisonment for no more than 20 years   18 U.S.C § 1343

- Fine of $250,000.00       18 U.S.C. § 3571(b)(3)

- Supervised release for
  not more than 3 years      18 U.S.C. § 3583(b)(2)

- Special Assessment of $100.00    18 U.S.C. § 3013(a)(2)(A)

**Counts 2 and 3 – 18 U.S.C. § 1347 – Health Care Fraud**

- Class C Felony         18 U.S.C. § 3559(a)(3)

- Imprisonment for no more than 10 years
  and/or fine          18 U.S.C § 1347

- Fine of $250,000.00       18 U.S.C. § 3571(b)(3)

- Supervised release for
  not more than 3 years      18 U.S.C. § 3583(b)(2)

- Special Assessment of $100.00    18 U.S.C. § 3013(a)(2)(A)

**Counts 4 through 6 – 18 U.S.C. § 1343 – Wire Fraud**

-   Class C Felony                                          18 U.S.C. § 3559(a)(3)

-   Imprisonment for no more than 20 years
    and/or fine                                            18 U.S.C § 1343

-   Fine of $250,000.00                                    18 U.S.C. § 3571(b)(3)

-   Supervised release for
    not more than 3 years                                  18 U.S.C. § 3583(b)(2)

-   Special Assessment of $100.00                          18 U.S.C. § 3013(a)(2)(A)